NO. 07-03-0429-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 1, 2005

_____

GUADALUPE MATA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14,770-0301; HON. ED SELF, PRESIDING

_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant Guadalupe Mata appeals her conviction for theft by challenging the legal and factual sufficiency of the evidence. We affirm the judgment of the trial court.

### *Background*

On September 25, 2002, around 11:00 p.m., appellant came to the back door of the residence of J. W. West and asked for a glass of water. West had known appellant since the 1970's, and she had cleaned house for him and helped him do some roofing in the past. She entered the house, and West told her she could have a drink. He heard her fill a glass, turned away from the sink, and began to return to the living room. At that point, West felt

a tap on the back pocket of his coveralls and, upon checking his pocket, he discovered his wallet missing. He then told appellant to return it. She denied having the item, but when West told her he would call the police and began to do so, appellant grabbed the phone and jerked it out of the wall. At that point, West noticed his wallet laying in front of appellant's feet, as if it had slipped down the leg of her sweat pants. When West went to use another phone, appellant left the house.

### *Sufficiency of the Evidence*

The standards by which we review legal and factual sufficiency are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Sims v. State,* 99 S.W.3d 600 (Tex. Crim. App. 2003), *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000) for an explanation of them.

Next, a person commits the offense of theft if he unlawfully appropriates property with the intent to deprive the owner of it. TEX. PEN. CODE ANN. §31.03(a) (Vernon Supp. 2004-05). Furthermore, appropriation is unlawful if it is without the owner's effective consent. *Id.* §31.03(b)(1). Here, appellant argues that the evidence was insufficient to support the verdict because no evidence illustrated how the wallet got from West's pocket to the floor. We overrule the point.

It is not necessary that each bit of circumstantial evidence by itself directly and independently prove guilt; instead, what is needed is that the cumulative force of all the circumstances establish guilt. *Beardsley v. State,* 738 S.W.2d 681, 685 (Tex. Crim. App. 1987); *Ortiz v. State,* 930 S.W.2d 849, 852 (Tex. App.–Tyler 1996, no pet.). Additionally, an accused's presence at the scene of a crime and flight therefrom are two circumstances

2

indicative of guilt, even though they might not alone be sufficient to sustain a conviction. *Livingston v. State,* 739 S.W.2d 311, 330 (Tex. Crim. App. 1987).

At bar, West testified that appellant had to climb over his back fence to come ask him for a drink of water, and that there were only two persons present at the time of the alleged offense. Furthermore, he felt a "tap" or "push" at his back pocket as he was walking away from appellant, checked the pocket, found the wallet missing, and asked for its return. So too was he certain that the item had not simply fallen out because it never had before. Moreover, when confronted by West and upon his representation that he intended to call the police, appellant grabbed the phone and pulled it out of the wall. At that point, West saw his wallet laying at appellant's feet as if it had fallen down and through the leg of her sweat pants.[1] When West left the room to use another telephone, appellant left.

Appellant was the only other person in the room with West. This evidence coupled with the evidence of the touching sensation felt by West as he went past her, her actions after West told her that he intended to call the police, the discovery of the wallet at her feet after jerking the phone from the wall, and her flight when West left to call the police are enough to reasonably create an inference of guilt. And, while appellant's mother and sister testified that appellant was at a birthday party until sometime between 10:00 p.m. and 11:00 p.m. that night, the credibility of those witnesses and West was for the jury to decide. So, to the extent it believed his testimony, which it obviously did, the evidence indeed is sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant unlawfully appropriated the wallet by acquiring it with intent to deprive West of the item and

---

[1]West did state that he at no time actually saw appellant holding the wallet. Rather, it appeared to him that the item had slipped through her pant leg onto the floor next to her feet.

that finding is not manifestly unjust.

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.